Dear Mr. Lacour:
This office is in receipt of your request for an opinion of the Attorney General in regard to the statutory interpretation of retirement and disability benefits for firefighters. Your question is relative to the benefits under R.S. 11:3261(5)(a) for the widow of one of the active fireman. You indicate the deceased fireman became employed as a member of the fire department on October 3, 1983, and was not on duty when he died from a non-job related disease that was not from a condition preexisting his employment, and prior to his being eligible for retirement benefits.
R.S. 11:3261(5)(a) provides as follows:
 If any member of the fire department, while in the service of the fire department or who is eligible for or receiving benefits under the provisions of this Part and who was employed before September 11, 1981, dies from any cause or if any member of the fire department who was employed after September 11, 1981, dies from any cause, except a cause resulting, directly or indirectly, in whole or part, from a preexisting condition, and leaves a surviving spouse, such spouse shall be entitled to receive, during the remainder of her life, while she remains unmarried, a monthly pension equal to fifty percent of the member's average monthly compensation at the time of his death, or the member's average monthly compensation prior to receiving benefits under the provisions of this Part. (Emphasis added)
You recognize that the deceased fireman was employed as a member of the fire department after September 11, 1981 and died from a cause not resulting from a preexisting condition so that it would appear his spouse would be eligible for benefits. However, you point out one requisite for receiving retirement benefits under R.S. 11:3261(5)(a) is that it applies to those "while in the service of the fire department".
Your question is whether "while in the service of the fire department" merely means being a member of the fire department, or does it mean that the death resulted while on duty.
You point out that R.S. 11:3261(1)(a) provides for benefits "if any member of the fire department, while in the active service of the fire department, is found * * * incapacitated for any service in the fire department, by reason of any injury received in or illness caused by or arising out of the performance of service in the fire department." You state if the words "while in the active service of the fire department" means while on duty, then it would be redundant to subsequently require in this sentence that the disability arise out of the performance of service in the fire department.
However, you state:
 "If `while in the service of the fire department' merely means membership in the fire department, why have the first words of the first sentence of R.S. 11:3261(5)(a) `If any member of the fire department' together with the words `while in the service of the fire department', which are also contained in the Section.
We find wherein R.S. 11:3261(5)(a) provides that it applies to "any member of the fire department", it clarifies that by showing that phrase includes those "while in the service of the fire department" as well as those "eligible for or receiving benefits" under the Act.
You additionally point out that R.S. 11:3261(1)(a) and (2) provide for disability benefits, and under R.S. 11:3261(2), relative to non-job related disability, before a fireman employed after September 11, 1981 would be eligible for non-job related disability benefits he must have 10 years of service in the fire department. You reason that death may be considered the "ultimate disability" and question if the 10 year service requirement should be read into R.S. 11:3261(5)(a).
We do not find that the provisions of paragraph (1) or (2) of R.S. 11:3261 have any application to the widows benefits under paragraph (5). Paragraph (1) and (2) refer to benefits for incapacity and clearly have no reference to death as an incapacity inasmuch as each allows benefits "until such incapacity shall end". The fact that there are no benefits for those found to be incapacitated other than by reason of any injury or illness caused by or arising out of the performance of service in the fire department if they were employed after September 11, 1981 who have less than ten years of employment, has no application to benefits for the widow. The paragraphs obviously apply only to those that are incapacitated but not dead.
As you note, coverage for widows and children for "temporary employees are restricted to those firefighters "killed in the line of duty", but we do not find that this restriction applies to permanent firefighters under R.S. 11:3261(5)(a).
We hope this sufficiently answers your inquiry.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/0514f